**FORM 5. Petition for Review/Notice of Appeal of an Order or Decision of an Agency, Board, Commission, Office, Bureau, or the US Court of Federal Claims (vaccine appeals only))**

**Form 5**
**March 2023**

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

### PETITION FOR REVIEW/NOTICE OF APPEAL

Notice is hereby given that the petitioner(s)/appellant(s) listed below hereby appeal(s) the below-noted case to the United States Court of Appeals for the Federal Circuit.

Originating Tribunal *(Name of Agency, Board, Commission, Office, Bureau, or Court whose decision is being appealed)*:     U.S. Merit Systems Protection Board

Case number being appealed:     DA-3443-24-0067-I-1

Case title being appealed:     Brendon Williams V. Dept of the Treasury

Date of final decision or order being appealed:     09/11/2024

Date decision or order was received:     08/07/2024

☑ I have attached a copy of the decision or order being appealed.

**List all Petitioners/Appellants** (List each party filing this appeal. Do not use "et al." or other abbreviations. Attach continuation pages if necessary.)

Brendon Williams

Date: 03/01/2025

Signature: _Brendon Williams_

Name: Brendon Williams

Address: 605 Wedgewood Dr

Mesquite, TX 75150

Phone Number: 214-784-2777

Email Address: bw15800@gmail.com

## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## DALLAS REGIONAL OFFICE

BRENDON WILLIAMS,

Appellant,

v.

DEPARTMENT OF THE TREASURY,

Agency.

DOCKET NUMBER
DA-3443-24-0067-I-1

DATE: August 7, 2024

Brendon Williams, Mesquite, Texas, pro se.

Bridgette M. Gibson, Esquire, Dallas, Texas, for the agency.

**BEFORE**
Patrick J. Mehan
Administrative Judge

## INITIAL DECISION

## INTRODUCTION

On November 3, 2023, the appellant filed an appeal contending the Internal Revenue Service (IRS or agency) failed to pay him wages for hours he worked. Initial Appeal File (IAF), Tabs 1, 2. He filed an additional appeal form challenging an agency's Equal Employment Opportunity (EEO) Final Agency Decision (FAD) that determined he was not constructively discharged due to an alleged hostile work environment based upon his religion (Jewish) and disability when he resigned on April 9, 2022. IAF, Tab 3. On this additional appeal form, the appellant also indicated he was filing an individual right of action (IRA) appeal, claiming that he filed a complaint of whistleblower retaliation with the Office of Special Counsel on August 1, 2022. *Id.* at 3.

The following issues are in dispute in this appeal:[1]

1. Whether the appellant's claims of wage non-payment are nonfrivolous allegations that he was suspended for more than 14 days or was otherwise subjected to an action appealable to the Board;

2. Whether the appellant timely filed a Board appeal of his involuntary resignation claim after the issuance of the agency's FAD, or whether there is good cause to waive an untimely filing; and,

3. Whether the appellant timely filed an IRA appeal, and, if not, whether that filing deadline should be equitably tolled.

I did not conduct the requested hearing because the appellant failed to allege sufficient nonfrivolous facts that, if true, could establish Board jurisdiction over his appeal. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006).

Based upon the following analysis and findings, the appellant failed to nonfrivolously allege Board jurisdiction over a suspension action, or other action appealable to the Board. The appellant also failed to establish he timely filed a Board appeal of his alleged involuntary resignation, or that the filing deadline

---

[1] The agency submitted an uncontested Standard Form (SF) 50 which documented that the appellant did not have any creditable military service, nor any veteran's preference status, at the time he was hired. IAF, Tab 6 at 72-73. Nonetheless, the appellant indicated on several appeal forms submitted in this appeal that, on various dates in 2021, he filed a USERRA and/or VEOA complaint with the Secretary of the Department of Labor (DoL). IAF, Tabs 3, 9, 12. The appellant indicated the DoL had not yet issued a final decision on his complaint(s). *Id.* In the Acknowledgment Order, the appellant was ordered to advise me if he intended to pursue a VEOA or USERRA appeal. IAF, Tab 2 at 3-4. The appellant failed to indicate that he sought to establish any claim related to his veteran rights, veteran status, or his engagement in any protected activity related to veteran's rights or status. Consequently, inasmuch as the appellant wishes to pursue any appeal with respect to any violation of his veteran's preference rights or his right to compete for a merit promotion (VEOA), or with respect to any alleged discrimination because of his uniformed service, or discrimination because he engaged in one or more forms of protected activity (*e.g.*, for assisting the enforcement of a USERRA right) described in 38 U.S.C. § 4311(b) (USERRA), he may do so by filing a separate appeal. Any such appeal must be filed no later than 15 days after he receives notice that DoL has not resolved his complaint.

should be waived for good cause. Finally, the appellant failed to establish he timely filed an IRA appeal or that the deadline to file should be equitably tolled. Consequently, I find this appeal must be DISMISSED.

## ANALYSIS AND FINDINGS

Jurisdiction

The Board does not have jurisdiction over all agency actions that are alleged to be incorrect. *See, e.g.*, *Preece v. Department of the Army*, 50 M.S.P.R. 222, 226 (1991) (citing *Hipona v. Department of the Army*, 39 M.S.P.R. 522, 525 (1989)). Rather, the Board's jurisdiction is limited to those matters over which it has been granted jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).

The appellant has the burden to prove by preponderant evidence the Board has jurisdiction in this matter.[2] *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, 615, ¶ 11 (2011); 5 C.F.R. § 1201.56(b)(2)(i)(A).[3] If he makes a nonfrivolous claim of Board jurisdiction, the appellant has the right to a hearing or an additional opportunity to present record evidence. *Garcia*, 437 F.3d at 1344. If the appellant fails to make a nonfrivolous allegation of jurisdiction over the challenged action, the Board must dismiss his appeal. *Id.*

In general, the Board's appellate jurisdiction is limited to an appeal of specific actions set forth in statute. 5 U.S.C. § 7512 (1)-(5) (authorizing Board

---

[2] Preponderant evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[3] I advised the appellant in the Acknowledgment Order that he must allege nonfrivolous facts that could establish Board jurisdiction over his appeal to avoid dismissal of the appeal. IAF, Tab 2. That Order also explained the factual allegations the appellant could make to establish Board jurisdiction. *Id.* In addition, I issued the appellant jurisdiction orders regarding constructive suspension actions and IRA appeals. IAF, Tabs 5, 8.

appeals of removals, a suspension for more than 14 days, a reduction in grade, a reduction in pay,[4] and a furlough of 30 days or less).  The agency's alleged failure to pay the appellant wages for hours he worked does not constitute one of these enumerated actions that are appealable to the Board.

The appellant contended the agency failed to pay him wages for time when he reported to work during various periods from May 2019 to April 2022.  IAF, Tab 1, Tab 4 at 2.  I considered whether these allegations amounted to a nonfrivolous allegation of an agency suspension action.  However, suspensions, even if constructive, entail being in a status without duties and pay.  5 U.S.C. § 7501(2).  The appellant maintains that he reported for duty and completed work, but the agency "refused to pay me for working as they instructed."  IAF, Tab 1 at 2; Tab 4 at 2 ("I was present and working for the 2000 hrs that they wrongly charged me AWOL").  After carefully considering the appellant's allegations, I find that he failed to allege sufficient facts which could establish Board jurisdiction over his claims that the agency failed to pay him wages for hours he worked.[5]

---

[4] The agency's alleged failure to pay the appellant wages for work performed was not an appealable reduction in pay, because "pay" means the rate of basic pay fixed by law or administrative action for the position held by an employee.  5 U.S.C. § 7511(a)(4).  In this appeal, the appellant failed to allege that the agency reduced his rate of basic pay.

[5] The agency's file shows that before the appellant resigned the agency proposed removing him based on approximately 600 hours of absence without leave from May of 2021 to October 2021.  IAF, Tab 6 at 53-65.  Again, the appellant maintains in his appeal that he was present during those periods.  However, even if he was absent during those hours, the appellant provided no allegations of fact in response to this appeal that could establish that his absences were caused by intolerable working conditions that would compel a reasonable person to be absent from the workplace.  *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (finding that an employee is not guaranteed a working environment free of stress and that dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable to compel a reasonable person to resign) (citations omitted).  I also considered the appellant's responses to the proposed removal action which were submitted by the agency, IAF, Tab 6 at 47-52, in which he made general allegations of an unpleasant work environment.  Even considering these allegations, I find there are insufficient allegations of fact to raise a nonfrivolous claim

## The appellant's appeal of his alleged constructive removal is untimely without a showing of good cause to waive the filing deadline.

When an appellant first pursues a mixed case complaint through a formal complaint of discrimination, a Board appeal must be filed within 30 days of the appellant's receipt of the agency's FAD. 5 C.F.R. § 1201.154(b)(1). An appellant is responsible for keeping the agency informed of his address for purposes of receiving the agency's decision. 5 C.F.R. § 1201.22(b)(3). In addition, properly addressed and transmitted correspondence is presumed to have been duly delivered to the addressee. *See id.*

The appellant claimed he was never notified of the results of his EEO complaint.[6] However, the agency's certificate of service documents the agency served the appellant the FAD on February 24, 2023, to his personal e-mail address. IAF, Tab 3 at 16. The agency asserted the appellant provided this e-mail address for the agency's use in corresponding with him regarding his EEO complaint, IAF, Tab 10 at 9-10, and that the agency had communicated with the appellant using this e-mail address before the issuance of the FAD, *id.* at 8. The appellant did not refute these claims, nor did he contest the e-mail which shows the appellant requested the agency use his personal e-mail address for service. Importantly, the appellant has not alleged the agency transmitted its decision using an incorrect e-mail, or that he provided the agency a different e-mail address prior to the issuance of the FAD.

---

of a constructive suspension. Moreover, inasmuch as the appellant raised nonfrivolous claims of a constructive removal, in that he contended he was compelled to resign due to an alleged non-payment of wages for 2,000 hours of work performed and/or that the agency's proposed removal was purely coercive, as explained below, those claims are untimely.

[6] In response to the timeliness order, the appellant asserted he "was present at work from May 2021 through October 2021." IAF, Tab 9 at 2. However, the appellant failed to explain the significance of his presence at work during this time on the issue of timeliness, when the uncontested record shows he resigned on April 9, 2022, and the agency issued the FAD in February 2023.

Constructive receipt of an agency's decision starts the 30-day deadline to file a Board appeal. *See* 5 C.F.R. § 1201.22(b)(3). The Board has found constructive receipt when an appellant fails to pick up mail delivered to his post office box. *Mercantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 9 (2014) (citing "Example A" of 1201.22(b)(3)). Although *Mercantel* is not directly on point, I find this constructive receipt rule applicable to the facts and circumstances of this appeal because it appears that the agency solely uses e-mail for EEO correspondence, and the appellant assented to that method of service. Beyond his bare conclusory statement, the appellant failed to submit any evidence or argument which could rebut the presumption that he received the agency's decision upon its transmittal to his e-mail address. Therefore, the record shows the appellant had constructive receipt of the agency's decision on February 24, 2023, when the FAD was transmitted to his e-mail. Consequently, I find the appellant's Board appeal on November 11, 2023, was 229 days late.[7]

Any appeal submitted beyond the filing deadline will be dismissed as untimely filed unless the appellant establishes good cause for delay. *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014); *McCurn v. Department of Defense*, 119 M.S.P.R. 226, ¶ 7 (2013); *Alonzo v. Department of the Air Force*, 4 M.S.P.R., 180, 184 (1980). To establish good cause, the appellant must show he exercised due diligence or ordinary prudence under the circumstances of the case. *Alonzo*, 4 M.S.P.R. at 184. To establish good cause, the appellant must show he exercised due diligence or ordinary prudence under the circumstances of the case. *Alonzo*, 4 M.S.P.R. at 184. The Board will consider the length of the delay, the reasonableness of the appellant's excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has

---

[7] The Timeliness Order measured timeliness from the date when the appellant filed the FAD with the Board, on November 22, 2023, and thus stated his appeal was 241 days late. In this decision, however, I measured the timeliness from the date of his first appeal filed with the Board, even though he did not raise his alleged constructive removal in that appeal.

presented evidence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that prevented him from timely filing his petition. *De Vaughn v. U.S. Postal Service*, 96 M.S.P.R. 427, ¶ 7 (2004); *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Other than his claim that he did not receive the FAD, the appellant did not provide any other evidence or argument in response to the timeliness order. The appellant's pro se status is the only factor weighing in favor of waiving the filing deadline. The remaining factors weigh against waiving the deadline. I find that a person exercising ordinary prudence would have monitored his e-mail closely while his EEO complaint was pending with the agency. There is no evidence the appellant exercised normal prudence in monitoring his e-mail, or that he acted with diligence in pursuing an appeal of the agency's decision. The appeal is also substantially delayed, and the appellant has raised no circumstances that were beyond his control or which prevented him from filing his Board appeal.

In the interests of judicial efficiency and fairness, the timeliness requirement will not be extended in the absence of a showing of good cause. *See Ford v. Office of Personnel Management*, 59 M.S.P.R. 66, 69 (1993), *aff'd*, 34 F.3d 1080 (Fed. Cir. 1994) (Table). After considering all the appropriate factors, I find the appellant failed to show good cause to waive the 30-day filing deadline. Consequently, this appeal must be DISMISSED as untimely without a showing of good cause for delay.

<u>The appellant's IRA appeal is untimely filed, and he failed to establish any basis to equitably toll the filing deadline.</u>

An appellant must file an IRA appeal no later than 65 days after OSC issues written notification that it is terminating its investigation of the appellant's whistleblower allegations. 5 C.F.R. § 1209.5(a)(1). Here, the appellant filed a complaint of whistleblower retaliation with the Office of Special Counsel on

August 1, 2022. IAF, Tab 12 at 3. The appellant asserted that OSC notified him that it terminated its investigation into his claim on April 1, 2023.[8] *Id.* The appellant filed his Board appeal on November 3, 2023, which makes his appeal approximately 150 days beyond the 65 day filing deadline.

In its motion to dismiss, the agency argued the appellant's IRA appeal was untimely, and that the filing deadline may be excused only if the appellant established the deadline should be equitably tolled. IAF, Tab 6 at 6-7. The Board's regulation provides that the 65-day filing deadline is subject to the doctrine of equitable tolling, and the Board may permit the extension of the deadline only where the appellant, despite having diligently pursued his or her rights, was unable to make a timely filing. 5 C.F.R. § 1209.5(b). As the agency correctly explained in its motion to dismiss, "equitable tolling is a rare remedy that is to be applied in unusual circumstances and requires a showing that the litigant has been pursuing her rights diligently and some extraordinary circumstances stood in her way." IAF, Tab 6 at 7 (citing *Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 10 (2014) (citation omitted)).

The appellant provided no factual allegations regarding his efforts to exercise his Board appeal right from April 2023 until November 2023. The appellant asserts that OSC terminated its investigation based upon the agency's agreement to pay him an amount of money at issue in his OSC complaint. IAF, Tab 12 at 2. The appellant submitted bank statements from March and April 2023 to purportedly show the agency failed to pay him any amount of money. *Id.* at 6-7. However, even accepting the appellant's allegations as true, it does not explain why the appellant then delayed filing his Board appeal until November 2023, especially if he knew, as early as March 2023, that the agency had failed to pay the amount of money at issue in his complaint. The appellant submitted no

---

[8] The agency submitted the OSC close out letter, which is dated April 5, 2023. IAF, Tab 6 at 11. However, this several days discrepancy is not material to the outcome of this appeal because the appellant's Board appeal was still beyond the 65 days filing deadline.

evidence or argument that he diligently pursued his appeal right before November 2023. Consequently, I find the appellant alleged no facts which could support tolling the filing deadline.

## DECISION

The appeal is DISMISSED.

*Patrick J. Mehan*

FOR THE BOARD: _____

Patrick J. Mehan
Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **September 11, 2024**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first. You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov/).

## Criteria for Granting a Petition or Cross Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record.  A petition for review

must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first.  If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt.  You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim.  The date of filing by mail is determined by the postmark date.  The date of filing by fax or by electronic filing is the date of submission.  The date of filing by personal delivery is the date on which the Board receives the document.  The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service.  Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party.  *See* 5 C.F.R. § 1201.4(j).  If the petition is filed electronically, the online process itself will serve the petition on other e-filers.  *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above.  5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general.** As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date this decision becomes final. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after this decision becomes final</u> under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after this decision becomes final</u> as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within **60 days** of the date this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day
to each of the following:

<u>Appellant</u>

Electronic Service      Brendon Williams
Served on email address registered with MSPB

<u>Agency Representative</u>

Electronic Service      Bridgette Gibson
Served on email address registered with MSPB

_____
08/07/2024
(Date)

_Sharon McDaniel_
_____
Sharon McDaniel
Paralegal Specialist

Brendon Jarrod Williams
4/29/2021
                                    Insight into my Perspective

        Sir, your responses, reactions, and your way of expressing them toward me have been inappropriate and unprofessional as well and I came across as defensive because of them. I responded that way because your way of addressing me and cutting me off without allowing me to explain the causation for my decisions of how I approached my work assignment, came across as rude and inconsiderate. I understand you noted our conversation and my responses. However, I also recorded our conversations for my own sake. I can state that you have acted inappropriate and disrespectful toward me.

        Even if you are a manager that does not mean that you have the right to treat me with disrespect and make presumptions and hurtful comments to me. I acted defensively because your responses and comments to me came across as if you were accusing me of doing wrongs that I know that I did not commit. I do not like to be accused of blatantly doing a wrong that I have no justification to commit (especially if I was really in the right). I was only trying to explain why I did and give you my point of view but you kept cutting me off which is unfair because that makes it seems like you are trying to make accusations of wrongdoing against me without allowing me to explain my rationale for my decisions which I believe are understandable and justifiable. To me, it seemed like you were trying to slander me and I take great offense to things like. If I think someone is trying to vilify me, then I am going to defend myself to clear my name.

        You may not like my responses but you were disrespectful toward me. Therefore, at the end of the day, Brendon is going to defend Brendon. I can say that you crossed the line when you were dealing me with. Any agitation I expressed was a response to the agitation you expressed doing our interaction. It is not a crime to be disabled, Jewish and Muslim and you violated me with your written and verbal insults as well as your physical insult to throw trash at my desk.

        Additionally, your claim that I am making excuses is just not fair or reasonable as I have perfect attendance (I worked the full shift of 8 hours on 3/21/2018 from another desk) and taking calls. I do not understand that position and I do not see any information from you regarding my performance that convinces me to agree with it. What am I making excuses for when I took at least 73 calls last Friday, took at least 82 calls Tuesday and at least 85 calls Wednesday? My phone stats would confirm that ,and if not, then there is an error on the phone system. I just do not think I would have perfect attendance and come in earlier the past two weeks and take that many calls if I wanted to make excuses to be off the phone and avoid being on the phone. No disrespect, but your statement to the effect that I am making excuses seems like a statement that my phone stats, and the amount of calls I have taken, along with my effort to get more clarity from the taxpayer on what they need, so I can transfer them to the department that can assist them appropriately, and my perfect attendance just does not confirm. In fact, I say that my efforts and performance (I would

like to think I did well on my calls so far, but understand if I have been too analytical in how I have handled my calls as a default screener) over this time period confirms the contrary ,which is that I am working ,taking calls and putting forth more effort to contribute to the efforts of this call site to achieve the optimal results and success. Before you sent me this email did you even check my phone stats and review any of my calls? As I said, no offense but there is evidence of greater productivity in my efforts to retain my skill as a CSR ( or at least evidence of a lot more effort since I do not know the results of my performance on any of my calls). Why do you lie about my attendance and create false documentation that makes contradicts my perfect attendance record.

Also note, I mainly composed this response without trying to use an amount of Idle 1 time that anyone would find questionable. In fact, I spent most of my time carefully writing my reply while available and in between gaps in incoming phones while having an open availability on the phone. I have also already taken 77 calls today (as of 7:55 PM). Therefore, no one can claim that I took up an excessive amount of time to compose a thorough and thoughtful reply to your message that I received earlier today. This is in fact evidence that supports my claim that I am using my talent to make progress to help the call site achieve a higher level of productivity that not only benefits me but also gives the impression that there is at least one customer service representative at this call site who is capable of exemplifying where a commitment to accomplishing a productive day at work can lead; I know that I have demonstrated that so far today and will continue exhibit this kind of work ethic.


With respect and commitment to optimization,

Brendon Williams
Brendon.J.Williams@irs.gov

---

**From:** Leblanc Barry A <Barry.A.Leblanc@irs.gov>
**Sent:** Thursday, April 29, 2021 2:19 PM
**To:** Williams Brendon J <Brendon.J.Williams@irs.gov>

**Subject**: Brendon Williams, 4/27/2021, Leaving for tonight

Mr. Williams, I decided to mistreat you and falsely mark you as AWOL for 6,000 hrs because you are disabled Jewish and Muslim. I don't care how hard you work ,I refuse to pay you wages for your labor because you are disabled and your religious beliefs. I throw insults at you and throw trash at your desk because you are Jewish and Muslim. I don't care about your perfect attendance and will continue to submit false work records and other false documents about you because of your religion and disability. You could be middle-eastern but I don't care. Your religion means you are slow and less masculine and I throw trash at your desk because I see you as a dirty jew and dirty muslim. I refuse to pay a disabled jew like you earned wages and I have falsified your attendance to Chris Carroll so that he and I can fraudulent draft a proposed removal notice about you. You disabled jews ain't shit and I wish you got burned in the gas chamber. Yes, me and Chris Carroll are trying to fraudulently terminate your employment because you are Jewish and disabled. Yes, we refuse to pay your earned wages because your Jewish,Muslim and disabled, even 5,000-6,000 hours worth of earned wages. Yes, I and others treat you worse and discriminate against you because your religion and disability, get over it.

I have forged your name to create fake emails and other bogus documents so that you appear absent and lazy despite your perfect attendance. I lied and reported you as absent for the whole eight hour day on 3/18/2021, just like I did for all of January 2020, January 2021 and 5,000 other hours.

I know you saw I was also still working past my TOD. If you are not able to complete your work requirements in the time allotted, or elect to complete a work requirement outside of your TOD, it is commendable, but not the fault of the IRS(you sound like a slow jew). You take your laptop home, you can log on at home, as you have been doing for research, etc. since June of last year.

*Barry*
*A smooth sea never made a skillful Sailor.*

---

**From:** Williams Brendon J <Brendon.J.Williams@irs.gov>
**Sent:** Tuesday, April 27, 2021 10:26 PM
**To:** Leblanc Barry A <Barry.A.Leblanc@irs.gov>
**Cc:** Scott Debra R <Debra.R.Scott@irs.gov>
**Subject:** Brendon Williams, 4/27/2021, Leaving for tonight

Good evening,

I am just sending this message to notify management that I am leaving the office for the rest of tonight (4/27/2021). I logged off the softphone and hard phone at 9:25 PM. I could not find a manager on the floor this evening to inform of my presence at the call site toward the end of my tour (9:30 PM). Also, I reported to the Department Manager Debra Hayes this afternoon at the office before the beginning of my 1:00 to 9:30 tour of duty. I made her aware of my arrival to the call site in Downtown Dallas at the Cabell/ Santa Fe building around between 12:45 to 12:50 PM. I was logged into the both the hard phone and soft phone by 1:00 and spent some time in idle 1 to attempt to find Barry for instructions relevant to picking up from where he and I left off the day before which regarded my phone access and whether I would be on the same default screener application that I have been on or a different default screener application. The confusion resulting from an email link pertaining to default screener that led to ITLA when I clicked on it. I was trying to inquire about whether or not I was getting moved to work the ITLA app as a default screener. I learned that I was on the same default screener app that I had been taking calls under since I came back and worked that line for the whole shift today. I just wanted to make you both aware of how I was trying to navigate through this process at the beginning of my tour today. It is now 10:24 PM and I will shut my computer off after sending this message, pack up and leave the office in Downtown Dallas tonight.

Good night,

Brendon Williams
Brendon.J.Williams@irs.gov

 **Gmail**

**Brendon Williams <bw15800@gmail.com>**

## Brendon Williams, APPEAL -EEO Case (Reopen it please) 10/25/2023

6 messages

**Brendon Williams** <bw15800@gmail.com>                                             Wed, Oct 25, 2023 at 12:44 PM
To: EEOComplaintInvestigations@treasury.gov
Cc: Brendon Williams <bw15800@gmail.com>

    10/25/2023

    I had an eeo case that I would like to have reopened and sent to an eeoc trial. I was never given details on how to
    request an appeal or trial. My name is Brendon Williams (10/11/1984) and I worked for the Internal Revenue Service/
    United States Dept. of Treasury from 2016-2022. My old work email was Brendon.J.Williams@irs.gov and old personal
    email addresses were brendonwilliams84@hotmail.com and Brilliant2@outlook.com. I would also like to report that I
    never received the results of the original eeo case. I worked in Dallas, TX. My new email address is
    bw15800@gmail.com
    I was recently hospitalized for several weeks so I was not able to send this message sooner; my apologies.

    Regards,

    Brendon Williams
    bw15800@gmail.com

**EEOComplaintInvestigations@treasury.gov** <EEOComplaintInvestigations@treasury.gov>          Wed, Oct 25, 2023 at
To: bw15800@gmail.com                                                                                    1:22 PM

    Mr. Williams –


    We apologize but our office failed to issue both decision letters to you when they were supposed to be released in
    February and May. The decisions on formal complaints IRS-22-0511-M and IRS-22-0064-F have been attached in
    our reply and include an explanation of your appeal rights. We apologize for this inconvenience.




    If you have a new complaint of discrimination, you may initiate counseling on it by contacting edi@irs.gov.


    Thank you.

**From:** Brendon Williams <bw15800@gmail.com>
**Sent:** Wednesday, October 25, 2023 12:45 PM
**To:** EEO Complaint Investigations <EEOComplaintInvestigations@treasury.gov>
**Cc:** Brendon Williams <bw15800@gmail.com>
**Subject:** Brendon Williams, APPEAL -EEO Case (Reopen it please) 10/25/2023

** **Caution:** External email. Pay attention to suspicious links and attachments. Send suspicious email to
suspect@treasury.gov **

[Quoted text hidden]

---

### 2 attachments

 **Williams Brendon IRS-22-0064-F May 31 23 FAD signed.pdf**
858K

 **Williams Brendon IRS-22-0511-M Feb 24 23 FAD Signed_.pdf**
340K

---

**Brendon Williams** <bw15800@gmail.com>                      Wed, Oct 25, 2023 at 3:00 PM
To: EEOComplaintInvestigations@treasury.gov

Give me more time please, to submit an appeal to these cases as this is the first
time I received both decisions.

Regards,

Brendon Williams
[Quoted text hidden]

---

**EEOComplaintInvestigations@treasury.gov** <EEOComplaintInvestigations@treasury.gov>       Wed, Oct 25, 2023 at
3:14 PM

To: bw15800@gmail.com

Our office does not make the decision on appeals and has no authority or ability to grant any extensions of time.


Per the information included in the decision on IRS-22-0064, your appeal must be sent to the EEOC Office of Federal
Operations.  They will make the determination as to whether they will accept your appeal.  Per the information included in
the decision on IRS-22-0511-M, your appeal must be sent to the MSPB.  MSPB will make the decision as to whether they
will accept your appeal.

[Quoted text hidden]

---

**Brendon Williams** <bw15800@gmail.com>                      Wed, Oct 25, 2023 at 3:37 PM
To: EEOComplaintInvestigations@treasury.gov

Could you provide me with the contact information to the MSPB?

Thanks,

Brendon Williams
[Quoted text hidden]

---

**EEOComplaintInvestigations@treasury.gov** <EEOComplaintInvestigations@treasury.gov>      Wed, Oct 25, 2023 at 4:08 PM
To: bw15800@gmail.com

MSPB Contact info is:


Chief Administrative Law Judge

Dallas Regional Office

Merit Systems Protection Board

1100 Commerce Street Room 620

Dallas, TX 75242-9979

http://www.mspb.gov/appeals/appeals.htm.


I do not have a telephone number for the MSPB office.



EEOC Contact info is:


Equal Employment Opportunity Commission

Office of Federal Operations

P.O. Box 77960, Washington, D.C. 20013-8960.

You can also fax it to the Office of Federal Operations at (202) 663-7022.


I do not have a telephone number for the EEOC office.

[Quoted text hidden]



To Whom It May Concern:

Brendon Williams received inpatient treatment at Dallas Behavioral Healthcare Hospital from 8/19/2024 to 2/28/2025. Please excuse his absence from work/school due to his hospitalization for schizophrenia, he may return 3/3/2025.

Regards,

Dallas Behavioral Staff